FILED
United States Court of Appeals
Tenth Circuit

November 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERTO A. TORRES,

      Plaintiff - Appellant,

v.

BODYCOTE INTERNATIONAL
AEROSPACE AND DEFENSE AND
ENERGY; BODYCOTE THERMAL
PROCESSING, INC.,

      Defendants - Appellees.

No. 14-3115
(D.C. No. 6:13-CV-01245-EFM-KGG)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

Roberto A. Torres appeals pro se from the district court's grant of summary judgment in favor of Bodycote International Aerospace and Defense and Energy, and Bodycote Thermal Processing, Inc., on his employment-discrimination claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In its summary judgment order, the district court set forth the uncontroverted facts in the light most favorable to Mr. Torres. *See O'Shea v. Yellow Tech. Servs., Inc.*, 185 F.3d 1093, 1096 (10th Cir. 1999). Mr. Torres is fifty-one years old, of Mexican ancestry, and he suffers from diabetes. He began work as a parts inspector at a facility in Wichita, Kansas, in 2011. Bodycote Thermal Processing, Inc. ("Bodycote"), became his employer in March 2012, after purchasing that facility from another company. He complained to Bodycote in August 2012 about his supervisor's use of racial and ethnic slurs and his co-workers' use of vulgar Spanish language. Bodycote investigated his complaint and required all facility employees to undergo workplace anti-harassment training.

Bodycote denied Mr. Torres's request to transfer to a different facility in September 2012 because there were no parts inspector positions open at that time. Bodycote placed nearly all of its employees on twelve-hour shifts by the end of 2012, and Mr. Torres worked that shift until March 24, 2013. He filed an EEOC charge on March 26, 2013, alleging discrimination by Bodycote based on his race, national origin, age, and disability. He complained, inter alia, about racial harassment, the facility transfer denial, and being put on a twelve-hour shift.

When Mr. Torres's doctor recommended that he work an eight-hour shift due to his diabetes, Bodycote offered him several different work-schedule options to accommodate his need for a shorter shift and his desire for a forty-hour work week. In April 2013, he chose to transfer to a different facility to work the second shift. His

job and hourly wage stayed the same. Mr. Torres did not seek to return to a twelve-hour shift at his previous facility when his medical restriction ended.

Bodycote twice accused Mr. Torres of conducting incomplete parts inspections, but he was not disciplined regarding either incident. He filed a second EEOC charge on May 13, 2013, complaining about his transfer to another facility and one of the parts-inspection incidents. In June 2013, Mr. Torres was disciplined with a warning for clocking out early on two occasions.

In the spring of 2013, Bodycote determined it was necessary for its parts inspectors to cross-train in another position as part of their existing jobs. The other parts inspectors began cross-training, but Mr. Torres continually refused to participate unless he received a wage increase. Bodycote ultimately terminated Mr. Torres's employment in July 2013, after determining that his refusal to participate in the cross-training absent a wage increase constituted insubordination under the company's policies. He filed a third EEOC charge on August 23, 2103, complaining about the parts-inspection incidents and his termination.

Mr. Torres filed this action alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967. Considering the parties' cross motions for summary judgment, the district court granted summary judgment in favor of defendants. It held that, based on the undisputed facts, Mr. Torres failed to demonstrate the existence of a racially hostile

workplace; he did not show that Bodycote's reason for terminating his employment was a pretext for discrimination; he failed to establish a prima facie case in support of his other discrimination claims; and he did not show a causal connection between his EEOC charges and any materially adverse action by Bodycote.

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *O'Shea*, 185 F.3d at 1096. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Mr. Torres is a pro se party, we liberally construe his appellate briefs. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). But we will not "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id. Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

We have reviewed the district court's summary judgment order and the parties' appeal briefs, and we conclude that Mr. Torres has not demonstrated any reversible error in the district court's grant of summary judgment. The judgment of the district court is therefore affirmed. Mr. Torres's "Motion to Submit Only Plaintiff['s] Own Evidence," which we construe in part as a motion to supplement the record, is denied.

Entered for the Court


Jerome A. Holmes
Circuit Judge